UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------

NEAL D. SOMMERS

     Plaintiff,

    v.

DR. WILLIAMS, P.CIULLA,
DR. MORLEY, DR. PAULA BOZER,
E. DRANKHAN, K. MILLIGAN,

    Defendants,

------------------------------------



First Amended Complaint
Civil Rights Complaint
42 U.S.C. § 1983
Case # 22-CV-0627

Jury Trial Demanded

## Plaintiff's First Amended Complaint

### Statement of Jurisdiction

1.) This is a civil action seeking relief and/or damages to defend and protect the rightsguaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. §1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§1331, 1343(3) and (4), and 2201.

### Parties to this Action

Plaintiff's Information

2.) Name and Prisoner Number: NEAL D. SOMMERS, #15B0387

    Present place of confinement address: Wyoming Correctional Facility, 3203 Dunbar Road, P.O. Box 501, Attica, New York 14011-0501

Defendant's Information

3.) Name of Defendant: DR. WILLIAMS

    Official Position of Defendant: Medical Director

    Defendant is Sued in: Individual Capacity

Address of Defendant: Attica Correctional Facility, 639
Exchange Street, Attica, New York, 14011-0149

4.) Name of Defendant: DR. PAULA BOZER

Official Position of Defendant: Regional Medical Director

Defendant is Sued in: Individual Capacity

Address of Defendant: Wende Correctional Facility, 3040
Wende Road, Alden, New York, 14004-1187

5.) Name of Defendant: P.CIULLA

Official Position of Defendant: First Dep. Superintendent

Defendant is Sued in: Individual Capacity

Address of Defendant: Attica Correctional Facility, 639
Exchange Street, Attica, New York, 14011-0149

6.) Name of Defendant: K.MILLIGAN

Official Position of Defendant: Acting Nurse Administrator

Defendant is Sued in: Individual Capacity

Address of Defendant: Attica Correctional Facility, 639
Exchange Street, Attica, New York, 14011-0149

7.) Name of Defendant: E.DRANKHAN

Official Position of Defendant: Acting Nurse Administrator

Defendant is Sued in: Individual Capacity

Address of Defendant: Attica Correctional Facility, 639
Exchange Street, Attica, New York, 14011-0149

8.) Name of Defendant: DR.MORLEY

Official Position of Defendant: Chief Medical Officer of
DOCCS

Defendant is Sued in: Individual Capacity

Address of Defendant: The Harriman State Campus. 1220
Washinton Ave., Albany, New York, 12226

### Previous Lawsuits in State and Federal Court

9.) Plaintiff has filed no other lawsuits dealing with the
same facts involved in this action or otherwise relating to his
imprisonment.

### Exhaustion of Administrative Remedies

10.) Around April of 2020 an in-person verbal complaint to
medical staff during sick-call, stating contact lenses needed to
be reordered the one month disposeables are worn out.

11.) While in the Medical Directors office on an unrelated
medical issue, I informed Dr.Williams that I needed to have more
contact lenses ordered. I use one month disposeable lenses and they
are old and worn out.

12.) June 9,2020 I was informed that contact lenses were
ordered.

13.) 10-12-2020 I wrote a complaint to the Dep. of Medical
about the poor eye care and medical not ordering new contact lenses.

14.)9-5-21 Grievance # 1927-21 is filed in regards to no
previous action taken by medical, causing a contact lens to rip in
my eye from overusing the one month life cycle. I had to dig the
pieces out of my eye without medical help.

15.) 10-21-21 I appeal the grievance decision to the
Superintendent.

16.) 11-16-2021 no response from the Superintendent appeal,
within the designated time period per Directive 4040. I asked that
I now send my appeal to the CORC.

3

17.) 1/5/2022 I received confirmation that the CORC had received my appeal.

18.) 2/14/22 I receieve the Superintendent's response from the appeal of the grievance decision. Far exceeding the allotted time period for a reply per Directive 4040. I sign the appeal portion and return even though the CORC is now deciding my grievance.

19.) 3/3/22 The CORC makes a decision on the grievance stating "grievant is receiving appropriate treatment".

20.) March 25, 2022 Prisoner's Legal Services of New York writes and advocacy letter to DR.BOZER and DR.WILLIAMS on my behalf after I wrote to them asking for any assistance resulting from the poor eye care. PLS asks in letter for "Urgent Eye Exam/ Contact Lens Renewal"

21.) June 23,2022 PLS writes a second letter to DR.BOZER and DR.WILLIAMS after no response from medical or any response at all to the letter. This second letter also goes unanswered.

<u>FACTS</u>

22.) When I was an inmate at the Attica Correctional Facility I made an in-person complaint to medical staff around April of 2020 stating my six month supply of contacts was used up and more needed to be ordered.

23.) During an unrelated post-op checkup with the Medical Director DR.WILLIAMS, I was in his office and made a complaint about my need to have more contact lenses ordered. Because my six month supply was used up.

24.) On June 9, 2020 I spoke to the Doctor again and was told that my contacts were re-ordered and I would be placed on a call-

out to be seen by the optician.

25.) New contacts were not ordered nor was I seen by the optician. As a result of no action I went to sick-call to inform medical that I was out of contacts and I had not received any that were to have been ordered. Further stating that my current contacts are months over their proper life cycle of use.

26.) On June 9,2020 while at sick-call to receieve some multi-purpose solution for contacts, I again told medical more contacts needed to be ordered.

27.) 10-12-2020 I wrote to the Dep. of Medical in complaint about the lack of proper eye care and my vision problems.

28.) October 13,2020 I received a response to my complaint letter, the respondant was the First Dep. Superintendent, CIULLA, who takes no action other than forwarding my letter to Acting Nurse Administrator, DRANKHAN, "for whatever action she deems appropriate" .

29.) 11/5/2020 DRANKHAN responds in letter that I was approved for an optical appointment. Failing to address the issue my letter raised.

30.) Grievance #1927-21 is filed after no action from medical to provide new contact lenses results in a lens ripping in my eye forcing me to dig the pieces out of my eye without any medical care.

31.) 10-21-21 IGRC decision fails to cure the issue, I appeal.
    a.)by 11-16-21 the Superintendent fails to respond in
    the alloted time period per Directive 4040, I appeal to
    the CORC with a confirmation of receipt of appeal on

1-5-22.

b.) on 2-14-22 there is a Superintendent Response from, CIULLA, I appeal even though the grievance is at the CORC.

c.) on 3-3-22 CORC makes a decision where I'm said to be receiving appropriate medical care. At no point in this grievance process was I seen by anyone in medical or seen by the optometrist for the "approved optical appointment" I was told about.

32.) Optical callouts to medical were taking place throughout the time of my first verbal complaint until I was seen 3 years from my last optical exam.

33.) on 10-20-22 I was finally seen by an optician however he clearly stated that he does not deal with contact lenses and I would need to be put on another call-out for the correct doctor to take care of me.

34.) on 2-24-23 I again go to sick call to complain that my contacts are old and starting to cause pain.

a.)I also state that its unacceptable that I was seen by a doctor who does not deal with contact lenses when I was clearly supposed to be seen for my contacts, and how my vision is starting to become an issue with the old lenses.

b.) I ask how many years is the next available call-out? I was told by a nurse I was scheduled "thats what the computer says"

35.) 3-22-23 I was finally seen by the correct optometrist who was going to try out different lenses for my eyes, and would

bring in trial lenses on my next appointment to see what works best.

36.) 4-19-23 The proper optometrist returns with the "trials" from his own supply at his private practice. Because Attica was "playing games". I was fitted with better contact lenses the doctor placed the order. And even even writes me my own official copy of my prescription "incase Attica plays games" I'd have a true prescription to present for odering contact lenses.

37.) 712-23 I receive a 1 year supply of contacts with a warning from the doctor to "use these lenses judiciously", my understanding that with all the trouble up to this point, this is all I will have for 2 years at Attica.

> a.) Two years being the rule of how often an optical appointment can be placed. So I will need to make this one year supply last two years now.

38.) Clearly I was never on the "next available" call-out as I was told multiple times. Waiting over 3 years is not the "next available".

### FIRST CAUSE OF ACTION

39.) Plaintiff repeats and realleges each and every paragraph of the foregoing with the same force and effect as if fully set forth herein:

40.) DR.WILLIAMS the Medical Director/Facility Health Services Director(FHSD), according to HSPM #1.43 "is responsible for all aspects of incarcerated individuals care, inculding referrals for out patient care.

41.) Around April 2020 I was being seen by DR.WILLIAMS in his

7

office for an unrelated post-op checkup. During this time I in-
formed him that I needed to have contact lenses ordered because I
was only given a six month supply in Ocotber 2019 and my one month
disposable lenses were at the end of their proper life-cycle of use.

42.) He told me he would look into it and order more contacts
for me.

43.) on June 9,2020 I spoke to the Doctor and was informed
that more contacts would be ordered and I would also be placed on
the next call-out to be seen by the optometrist.

44.) I spoke with DR.WILLIAMS no less than three times about
this problem and was always given the same response of "they will
be ordered" or "I'll look into it".

45.) DR.WILLIAMS whoe had my medical file in his possession
on multiple occassions could have readily and easily turned a few
pages and read my optical record that my contacts were in-fact
being overused. He could have also seen the order form if he was
unsure as to how to fill it out to properly reorder more contacts
for me.

46.) On or around the 5th of September 2021 a contact lens
ripped in my eye from overuse and I had to dig the pieces out of
my eye without medical assistance.

47.) A grievance was filed on 9-5-21 because of this and I
was still not seen by medical to ensure nothing was wrong with my
eye or still in it.

48.) On March 25,2022 Prisoner's Legal Services of New York
wrote an advocacy letter to the doctor on the plaintiff's behalf

to request an "Urgent Eye Exam/Contact Lens Refill".

49.) This letter was written after the plaintiff contacted PLS in an attempt to try and receieve some form of medical care after verbal complaints and a grievance failed to achieve any medical care. The doctor did not respond to PLS nor was the Plaintiff called to medical for an exam.

50.) On June 23,2022 PLS wrote a second advocacy letter to the doctor after the Plaintiff confirmed to PLS that he had not received a call-out or response from the doctor in regards to the March letter. This second letter also went unanswered and no medical call-out was given to the Plaintiff. When DR.WILLIAMS was clearly notified of an on-going medical issue.

51.) DR.WILLIAMS was responsible to ensure Plaintiff's contact lenses were proper ordered and did not lapse on use of time, that complaints were processed, and that Plaintiff's subsequent damage to his eyes was properly-timely diagnosed and treated.

52.) The severe lapse of time for treatment and on -going care for serious eye conditions displays deliberate indifference to Plaintiff's pain, suffering, trauma, and further damage to eyes.

53.) Wherefore Defendant has violated Plaintiff's rights:

A.) Federal Law: USCA 8

54.) Wherefore Plaintiff demands judgment against Defendant for punative damages in amount of $1,000,000, and compensatory damages in amount of $5,000,000 together with interest from date of loss, all costs and disbursments of the action, and all costs and expenses of future medical care to correct, that, and remedy the damages.

## SECOND CAUSE OF ACTION

55.) Plaintiff repeats and realleges each and every paragraph of the foregoing with the same force and effect as if fully stated herein:

56.) P.CIULLA has failed in her individual duties to adequately supervise Attica Corr. Fac. staff to ensure the Plaintiff was receiving proper medical care once she was put on notice when she responded to a written complaint from the Plaintiff which was originally mailed to the Dep. of Medical on October 13,2020

57.) On 9-5-21 Plaintiff filed a grievance when P.CIULLA acted with deliberate indifference by disregarding an excessive risk to Plaintiff's health, resulting in an overused contact lens ripping in the Plaintiff's eye forcin Plaintiff to dig the pieces out of his eye without any medical help.

58.) On 10-21-21 Plaintiff appeals the grievance decision.

59.) On 2/14/22 P.CIULLA answered the appeal, far beyond the allotted time period for a response per Directive 4040; 701.5(c), (3),(i). Plaintiff had still not been seen by an optician or had his contact lenses reordered at this point. By this date P.CIULLA has been aware for about 16 months.

60.) Defendant CIULLA was in-charge of Plaintiff's care, custody, and control, had actual personal involvement and direct knowledge of the deprivations suffered by Plaintiff.

61.) Defendant failed to protect Plaintiff from the deprivation of Medical,deprivation of Rights, and failed to correct the deprivations.

62.) Defendant was deliberatly indifferent to Plaintiff's longstanding deprivation of medical with failure to correct such.

63.) The personal involvement of this supervisory defendant shown with the evidence, provides proof the Defendant, after being informed of the violatoin through written letter and grievance, failed to remedy the wrong. And the defendant was grossly negligent in supervising subordinates who committed the wrongs, showing the defendant exhibited deliberate indifference to the rights of the Plaintiff by failing to act on information indicating that unconstitutional acts were occurring.

64.) The amended complaint herein contains factual allegations indicating that a letter and grievance were in-fact received by defendant, and read. Thereby becoming aware of the issue the Plaintiff complained.

65.) Wherefore Defendant has violated Plaintiff's rights:

    A.) Federal Law: USCA8, USCA14

66.)Wherefore Plaintiff demands judgment against Defendant for punative damages in the amount of $1,000,000, and compensatory damages in amount of $5,000,000 together with interest from date of loss and all costs and disbursments of the action, and all costs, and expenses of future medical care to correct and remedy the damages.

### THIRD CAUSE OF ACTION

67.) Plaintiff repeats and realleges each and every paragraph of the foregoing with the same force and effect as if fully set forth herein:

68.) DR.MORLEY the Chief Medical Officer of DOCCS has failed in his duties to adequately supervise Attica Corr. Fac. medical staff when he was put on notice as a member of the CORC in deciding a grievance appeal by the Plaintiff stating "upon a full hearing of the facts and circumstances presented...a complete investigation was conducted and the grievant is receiving appropriate treatment" This was decided on 3/3/22/.

69.) This decision was made after Plaintiff appealed his grievance decision, continually stating the decisions rendered will not resolve the issue. Nor did any decision resolve the issue for more that 19 months after this CORC decision.

70.) DR.MORLEY made no effort to ensure the Plaintiff was seen by some form of medical staff to determine there was not a lingering issue from the contact lens ripping and the subsequent digging of pieces out of the eye.

71.) Defendant had personal involvement in the Plaintiff's deprivations as he was involved in the CORC hearing, and part of the investigations by the CORC.

72.) The defendant after being informed of the violation through appeal failed to remedy the issue.

73.) The Defendant exhibited deliberate indifference to the rights of the Plaintiff by failing to act on information indicating that unconstitutional acts were occuring.

12

74.) This amended complaint contains factual allegations indicating the grievance appeal was sent to the CORC(DR.MORLEY) by appropriate means and defendant in-fact received the appeal read it, investigated it, and thereby became aware of the issue Plaintiff complained.

75.) Defendant was deliberately indifferent when, as a medical professional, failed to act while actually aware of a substantial risk that serious harm will result from using old, damaged and/or worn out contact lenses such as; corneal ulcers, eye infections, corneal abrasioins and even blindness.

76.) Wherefore defendant has violated Plaintiff's right:

A.) Federal Law: USCA 8

77.) Wherefore Plaintiff demands judgment against defendant for punative damages in amount of $1,000,000, and compensatory damages in amount of $5,000,000, together with interest from date of loss, all costs and disbursments of the action, and all costs and expenses of future medical care to correct and remedy the damages.

### FOURTH CAUSE OF ACTION

78.) Plaintiff repeats and realleges each and every paragraph of the foregoing with the same force and effect as if fully stated herein:

79.) DR.BOZER, the Regional Medical Director, has failed in her individual duties to adequately supervise Attica Corr. Fac. Facility Health Services Director DR.WILLIAMS when;

80.) On March 25,2022 Prisoner's Legal Services of New York (PLS) wrote and advocacy letter to DR.BOZER on the Plaintiff's

13

behalf to request an "Urgent Eye Exam/Contact Lens Refill".

81.) This letter was sent to BOZER after the Plaintiff contacted PLS in an effort to try and receive some form of medical care after letters, verbal complaints, and a grievance failed to provide any relief to the issue. BOZER did not respond to PLS nor was the Plaintiff seen by medical.

82.) On June 23,2022 PLS wrote a sexond letter to BOZER after the Plaintiff confirmed to PLS that he had not received a call-out to be seen by medical or a response from BOZER in regards to the March letter. This sexond letter also went unanswered with the Plaintiff not receiving any treatment from medical.

83.) The personal involvement of this supervisory defendant, shown with evidence, provides proof that, the defendant, after being informed of the violaton through letters received, failed to remedy the wrong.

84.) The defendant was grossly negligent in supervising subordinates who committed the wrongs. Showing the defendant exhibited deliberate indifference to the rights of the Plaintiff by faukubg ti act on information indicating that unconstitutional acts were occuring.

85.) This amended complaint contains factual allegations indicating the letters were sent to DR.BOZER by appropriate means and defendant received the letters, and thereby became aware of this issue the Plaintiff complained.

86.) Defendant was deliberately indifferent when, as a medical professional failed to act while actually aware of a substantial risk that serious harm will result from using old,

14

damaged and/or worn out contact lenses. Risks such as corneal
ulcers, eye infections, corneal abrasions and even blindness.

87.) Wherefore defendant has violated Plaitiff's rights:

A.) Federal Law: USCA8

88.) Wherefore Plaintiff demands judgment against defendant
for punative damages in amount of $1,000,000, and compensatory
damages in amount of $5,000,000, together with interest from date
of loss, all costs and disbursments of the action and all costs
and expenses of future medical care to correct and remedy the
damages.

## FIFTH CAUSE OF ACTION

89.) Plaintiff repeats and re alleges each and every paragraph
of the foregoing with the same foce and effect as if fully set
forth herein:

90.) E.DRANKHAN has failed in her individual duties as
Acting Nurse Administrator(ANA) to adequately ensure the Plaintiff
received appropriate medical care, to be place on a call-out to
be seen by medical along with answering the Plaintiff's complaint
that he needed contact lenses ordered.

91.) On 11/5/2020 E.DRANKHAN sent a letter to Plaintiff in
response to his letter of complaint to Facility Administration
the response was merely a verification of approval for an opitcal
appointment to be seen. Not a proper response to ordering new
contact lenses.

92.) The defendant's lack of attention and indifference to
Plaintiff's written complaint resulted in, on 9-5-21, an overused
contact lens ripping in the Plaintiff's eye, forcing Plaintiff to

dig pieces out of his eye. All while never being seen by any medical professional or being placed on a call-out to see the Optician in a timely manner.

93.) The severe lapse of time for treatment and on-going care for serious eye conditions displays deliberate indifference to Plaintiff's pain, suffering, trauma and further damage to eyes.

94.) At no point in the duration of the defendant's time as (ANA) was the plaintiff seen by medical or had this issue resolved.

95.) Personal involvement is shown that after the defendant was informed of the violation through a letter, failed to remedy the wrong.

96.) The defendant was deliberately indifferent to a serious medical need when she failed to act while actually aware of a substantial risk that serious harm will result from using old, damaged and/or worn out contact lenses. Risks such as corneal ulcers, eye infections, corneal abrasions and even blindness.

97.) This amended complaint contains factual allegations indicating that the Plaintiff's letter was sent to the defendant by appropriate means and that the defendant in-fact received the letter, read it, and thereby became aware of the issue the Plaintiff complained.

98.) Defenant has exhibited deliberate indifference to the rights of the Plaintiff by failing to act on information indicating that unconstitutional acts were occuring.

99.) Defendant failed to protect Plaintiff from the deprivation of medical, deprivation of rights, and failed to correct the deprivatioins.

100.) Defendant was deliberately indifferent to Plaintiff's longstanding deprivation of medical with failure to correct such.

101.) The defendant was personally involved when after being informed of violation through formal letter of complaint, failed to remedy the wrong.

102.) Wherefore defendant has violated Plaintiff's rights:

      A.) Federal Law: USCA 8

103.) Wherefore Plaintiff demands judgment against defendant for punative damages in amount of $1,000,000, and compensatory damages in amount of $5,000,000, together with interest from date of loss, all costs and disbursments of the action and all costs and expenses of future medical care to correct and remedy the damages.

### SIXTH CAUSE OF ACTION

104.) Plaintiff repeats and realleges each and every paragraph of the oregoing with the same force and effect as if fully set forth herein:

105.) K.MILLIGAN failed in her individual duties as Acting Nurse Administrator(ANA) to adequately ensure the Plaintiff received appropriate medical care when she was made aware of a medical issue by responding to a grievance filed by the Plaintiff.

106.) In the grievance the Plaintiff complained of being forced to wear overused contact lenses that resulted in a contact lens ripping in the Plaintiff's eye forcing Plaintiff to dig the pieces out of his eye.

107.) Defendant's response to the grievance was "he will need a new eye exam before more contacts can be ordered" central

scheduling was contacted to have him added to the next available clinic".

108.) Defendant made no effort to bring Plaintiff to medical in the interim to ensure there was not damage to the eye from the torn lens and the digging out of the pieces.

109.) Defendant failt again when under her care and super-vision, Plaintiff was seen by an Optometrist who stated to the Plaintiff that he "does not deal with contacts". Defendant was aware of Plaintiff's medical needs and disregarded them with deliberate indifference by having Plaintiff be seen by an Optometrist not suited to resolve Plaintiff's medical needs.

110.) Throughout the rest of 2021 and up to October 19,2022 clinics were run and the Plaintiff was not seen. Clearly the "next available clinic" was a false statement.

111.) At no point in the duration of the defendant's time as (ANA) was the Plaintiff's medical need properly met or the issue resolved.

112.) Defendant acted with deliberate indifference to a serious medical need when she failed to act while actually aware of a substantial risk that serious harm wil result from using old, damaged and/or worn-out contact lenses. Risks such as corneal ulcers, eye infections, corneal abrasions, and even blindness.

113.) This amended complaint contains factual allegations indicating that the Plaintiff's grievance was received and responded to by apprppriate means and thereby became aware of the issue the Plaintiff complained.

114.) Personal involvement is shown that after the defendant

was informed of the violation through grievance, failed to remedy the wrong.

115.) The defendant has exhibited deliberate indifference to the rights of the Plaintiff by failing to act on information indicating that unconstitutional acts were occuring.

116.) Defendant failed to protect Plaintiff from the deprivation of medical, deprivation of rights, and failed to correct the deprivations.

117.) Defendant was deliberately indifferent to Plaintiff's longstanding deprivation of medical with failure to correct such.

118.) Wherefore defendant has violated Plaintiff's rights:

   A.) Federal Law: USCA 8

119.) Wherefore Plaintiff demands judgment against defendant for punative damages in the amount of $1,000,000, and compensatory damages in amount of $5,000,000 together with interest from date of loss and all costs and disbursments of the action, and all costs and expenses of future medical care to correct and remedy the damages.

## TOTAL RELIEF

120.) Wherefore Plantiff demands judgment against defendant's jointly and seperately for punative damages in amount of $6,000,000 compensatory damages in the amount of 30,000,000, nominal damages, together with interest from date of loss, all costs and expenses of future medical care to correct, diagnose, and remedy the damages all costs and expenses related to the prosecution of this action, and for such further relief as deemed just and proper.

19

Dated: 12-17-23

Respectfully Submitted,

_Neal D. Sommers_
Neal D. Sommers

I Declare under penalty of perjury that the foregoing is true and correct.

Executed on: 12-17-23

_Neal D. Sommers_
Neal D. Sommers

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

----------------------------------------

SOMMERS

     V.                            Affirmation of Service

WILLIAMS et al

----------------------------------------

STATE OF NEW YORK)
COUNTY OF WYOMING)ss.:
TOWN OF ATTICA)

    Neal D. Sommers, being sworn under the penalty of perjury
pursuant to title 28 U.S.C. §1746, and CPLR §105(u), states that
on the 17th day of December, 2023, that I mailed the below listedd
papers to the below listed parties via U.S. Mail or that said were
placed in the Correctional Facility mail box for mailing the same,

    Papers were: First Amended Complaint 42 U.S.C.§1983,

              Case # 22-cv-0627

    Parties were: Clerk, U.S. District Court
                  United States Courthouse
                  Buffalo, NY 14202-3498

                           Respectfully Submitted

                           Neal D. Sommers
                           15B0387
                           Wyoming Correctional Facility
                           Box 501
                           Attica, NY 14011-0501

NEAL D. SOMMERS
#15B0387
WYOMING CORRECTIONAL FACILITY
BOX 501
ATTICA, NY 14011-0501

Clerk, District Court
United States Courthouse
Buffalo, NY 14202-3498

Re: case # 22-cv-0627  Sommers v. Williams  et al

Please find enclosed the First Amended Complaint for filing

in the above titled action pursuant to Document Number 6.


Respectfully Submitted

Neal D. Sommers

Neal D. Sommers
15B0387
Wyoming Correctional Facility
Box 501
Attica, NY 14011-0501

Neal D. Sommer
#15B0387
Wyoming Correctional Facility
Box 501
Attica, NY 14011-0501

22-CV-627

ClerK, U.
United Sta
Buffalo, N

Legal Mail:



12/18/2023
US POSTAGE $002.31⁰

CORRECTIONAL FACILITY

ZIP 14011
041M11284570

USDC - WDNY

DEC 2 0 2023

BUFFALO

S. District Court
tes Courthouse
Y 14202-3498